IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 1:10-CR-098-WSD |
| | : | |
| DEVASHISH RAY | : | |

<u>GOVERNMENT'S TRIAL BRIEF</u>

COMES NOW, the United States of America, by Sally Quillian Yates, United States Attorney, and Katherine M. Hoffer and Richard S. Moultrie, Jr., Assistant United States Attorneys for the Northern District of Georgia, and files this Trial Brief to inform the Court of evidentiary issues that the government expects to arise during the trial of Defendant Devashish Ray ("Defendant").

I.
<u>INTRODUCTION</u>

Defendant, a former medical doctor employed at the Atlanta Veterans Administration Medical Center in Decatur, Georgia, is charged in a multiple count indictment with conspiracy to make materially false statements to federal law enforcement agents, in violation of Title 18, United States Code, Sections 371 and 1001, substantive counts of making materially false statements to federal law enforcement agents, in violation of Title 18, United States Code, Section 1001, abusive sexual contact with a patient, victim L.F., in violation of Title 18, United

States Code, Section 2244(b), and simple assault of L.F., in violation of Title 18, United States Code, Section 113(a)(5). Defendant's trial on the indictment is set to begin before this Court on February 9, 2011.

## II.
## ARGUMENT AND CITATIONS OF AUTHORITY

A.  THE COURT SHOULD NOT ADMIT EVIDENCE OF THE VICTIM'S PURPORTED PRIOR BAD CONDUCT PURSUANT TO RULE 608(B) OF THE FEDERAL RULES OF EVIDENCE.

During pretrial discussions on August 12, 2010, between the government and lead defense counsel, Edward T. Garland ("Garland"), Garland stated that the defense intends to elicit testimony, either through victim L.F. during cross examination or testimony from a defense witness, that L.F. had entered the military as a result of having been involved in some "trouble." Garland did not elaborate on the circumstances to which he was referring. Accordingly, prior to trial the Court should inquire as to the bases of counsel's claim. In all likelihood the Court should exclude cross examination of L.F., as well as testimony from any defense witness, concerning this claim pursuant to Rule 608(b) of the Federal Rules of Evidence. The Court's determination of this evidentiary matter is reviewed for clear abuse of discretion. *United States v. Maxwell*, 579 F.3d 1282, 1295-96 (11th Cir. 2009); *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001).

Rule 608(b) states that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence." Fed. R. Evid. 608(b); *United States v. Matthews*, 168 F.3d 1234, 1244 (11th Cir. 1999) (affirming district court's refusal to allow defendant to cross examine government witness about an alleged arrest for unauthorized use of a vehicle as improper specific bad acts evidence under Rule 608(b)); *United States v. Pope,* 132 F.3d 684, 688, (11th Cir. 1998) (finding that trial court properly excluded evidence concerning a government witnesses' purported fabrication of evidence during a custody hearing that the defendant claimed was proof of the witness' character for untruthfulness pursuant to Rule 608(b)); *United States v. Clemons*, 32 F.3d 1504, 1511 (11th Cir. 1994); *United States v. Sellers*, 906 F.2d 597, 603 (11th Cir. 1990) (affirming trial court's denial of defendant's request to cross examine government witness concerning a pending and unrelated theft charge under Rule 608(b)).

Rule 608(b) does permit the cross examination of a witness concerning specific instances of conduct of the witness, at the discretion of the court, "if probative of truthfulness or untruthfulness . . . (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being

cross-examined has testified." Fed. R. Evid. 608(b). If the witness denies the conduct the opposing party may not offer extrinsic evidence to prove the acts and must accept the witnesses' answer. *Matthews*, 168 F.3d at 1244. Further, such evidence must be relevant under Rule 401 of the Federal Rules of Evidence. *See Maxwell*, 579 F.3d at 1296 (affirming district court's refusal to allow a defendant to cross examine government witnesses concerning bias based on conduct not alleged in defendant's indictment). Moreover, even if relevant, the probative value of such evidence must be weighed against its risk of undue prejudice and likelihood of confusing the jury pursuant to Rule 403 of the Federal Rules of Evidence. *Maxwell*, 579 F.3d at 1296; *Sellers*, 906 F.2d at 602-03.

Additionally, the Eleventh Circuit has previously held that prior bad acts probative of a witnesses' truthfulness or untruthfulness under Rule 608(b) relate to conduct such as forgery, perjury, and fraud. *Novaton*, 271 F.3d at 1006; *Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994). In this case the victim has no criminal history. Therefore, no basis exists for Defendant to attack L.F.'s credibility using extrinsic evidence under Rules 608 and 609. Further, the defense has offered no grounds to support a contention that L.F. engaged in conduct involving forgery, perjury, or fraud that would permit

counsel to cross examine her concerning specific instances of conduct under Rule 608(b).

Finally, it is true that other types of evidence may be used to impeach a witnesses' credibility, such as opinion and reputation evidence of character under Rule 608(a) of the Federal Rules of Evidence, and evidence of bias, improper motive, interest, impairment of the witnesses' ability to observe, remember, or communicate. *United States v. Sarras*, 575 F.3d 1191, 1213-14 (11th Cir. 2009); *Maxwell*, 579 F.3d at 1295-96 . However, these alternative grounds do not offer a bases for Defendant to attack L.F.'s credibility concerning purported prior bad act conduct.  First, opinion and reputation evidence under Rule 608(a), except under those limited circumstances outlined at Rule 608(b), do not include evidence related to specific instances of conduct. Fed. R. Evid. 608(a). Rather, such testimony is limited to testimony from a qualified witness familiar with the victim's reputation in the community for untruthfulness, or concerning the witnesses' personal opinion about the victim's untruthfulness. Fed. R. Evid. Rule 608(a); *United States v. Watson*, 669 F.2d 1374, 1381-82 (11th Cir. 1982). Second, any alleged misconduct in which L.F. engaged prior to meeting Defendant almost certainly could not and would not bear on any claim of L.F.'s bias or improper motive against, interest in, or inability to perceive the acts allegedly committed by, him. For all these reasons, the Court should reject any

effort by Defendant to attack L.F.'s credibility under Rule 608(b), or any alternative basis, concerning alleged pre-military bad acts.

B. THE COURT, IF IT PERMITS DEFENDANT TO OFFER EVIDENCE OF HIS TRUTHFUL CHARACTER, SHOULD CONFINE SUCH TESTIMONY TO THE PARAMETERS OF RULE 608(A) OF THE FEDERAL RULES OF EVIDENCE.

Based on conversations between the parties it is clear that Defendant intends to call several character witnesses to testify on his behalf concerning his character for truthfulness. Pursuant to Rule 608(a) of the Federal Rule of Evidence, a witness' credibility may be supported by evidence in the form of opinion or reputation, but subject to these limitations: "(1) the evidence may refer only to character for truthfulness . . . and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Fed. R. Evid. 608(a). Consequently, when a witness testifies, including a defendant, a party may not seek to bolster the witnesses' truthfulness through character witnesses unless the opposing party has already attacked the witness' character for truthfulness. *See United States v. Drury*, 396 F.3d 1303, 1314-16 (11th Cir. 2005) (holding that an "attack" pursuant to Rule 608(a) must consist of more than government' counsel's mere questioning of a testifying defendant's inconsistent statements and argument that the defendant's testimony was not credible). However, even if a defendant does not testify his character for truthfulness may still

6

be pertinent in a prosecution for a crime involving deceit or falsification. *See United States v. Darland*, 626 F.2d 1235, 1237 (5th Cir. 1980). The trial court is given wide discretion in ruling on issues of character testimony and its decision on such matters will not be disturbed absent a clear abuse of discretion. *Id*. at 1315.

When a witness is allowed to offer testimony with regard to a person's reputation for truthfulness under Rule 608(a) the witness must demonstrate sufficient acquaintance with the person under attack and his community to ensure that the testimony adequately reflects the community's assessment of the person's reputation. Fed. R. Evid. 608(a); *Michelson v. United States,* 335 U.S. 469, 477-78, 69 S. Ct. 213, 219-20 (1948); *Watson*, 669 F.2d at 1381-82 (affirming trial court's exclusion of defense witness' testimony concerning a testifying co-conspirator's reputation for untruthfulness, where the defense witness' familiarity with the government witness was remote from the time period of the conspiracy charged and the trial being conducted). Further, the evidence related to the person's reputation "should relate to reputation at the time of trial." *Id*. A witness offering "opinion" testimony pursuant to Rule 608(a) need not establish a long acquaintance with the person under attack; however, such testimony is confined to the witness' personal knowledge of the subject's character for truthfulness. Fed. R. Evid. 608(a); *Watson*, 669 F.2d at 1382.

Accordingly, the Court should limit any character witness testimony offered by Defendant under Rule 608(a) to these parameters.

C.  THE COURT SHOULD NOT COMPEL THE GOVERNMENT TO PRODUCE THE ROUGH NOTES FROM DEFENDANT'S INTERVIEW WITH FEDERAL INVESTIGATORS.

Defendant has requested that the government produce the rough notes from federal investigators' interview of him. The government counters that it timely produced the agents' type-written statement of Defendant's interview in discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure and, therefore, the Court should not compel the production of the rough notes from Defendant's interview.

On December 11, 2008, special agents of the Department of Veterans Affairs Inspector General Office of Investigations interviewed Defendant at his home. Defendant agreed to speak with the agents about his examination of L.F. and insisted that he had only performed an abdominal examination of her. He denied touching L.F.'s breasts or pelvic area. Defendant also stated that unindicted co-conspirator R.S. had decided, on her own initiative, to falsely claim to special agents that she had been present in the examination room with Defendant and L.F. These facts form the basis of Counts One, Two, and Three of the indictment in this case, in which Defendant is charged with conspiracy to commit, and the commission of, making materially false

statements to a federal officer, in violation of Title 18, United States Code, Sections 371 and 1001. (Doc. 1.)

In a letter to the government, counsel argues that the government should produce the agents' rough notes "not simply [as] a matter of documenting Rule 16 discovery . . . or complying with the *Jenks Act*", but also because the "rough notes in this case are equivalent of a 'surveillance tape' of the corpus delicti of the crime alleged in Count 2." The government counters that, in the first instance, the agents' rough notes do not constitute *Jencks Act* material. 18 U.S.C. § 3500. The *Jencks Act* covers any "statement" made by a government witness in the United States' possession that relates to the subject matter of the witnesses' testimony. 18 U.S.C. § 3500(a). The statute specifically excludes statements made by a defendant, and defines a "statement" as: (a) a written statement made by a witness and signed, or otherwise adopted, by him; (b) a recording or memorialization of the statement that is a "substantially verbatim recital" of a witnesses' oral statement and which was recorded and/or made contemporaneous with the witness' oral statement; or (c) testimony given by a witness before a grand jury. 18 U.S.C. § 3500(e); *United States v. Delgado*, 56 F.3d 1357, 1364 (11th Cir. 1995) (finding that DEA agent's rough notes of interview of cooperating co-defendant were not covered by the *Jencks Act*); *United States v. Wright*, 540 F.3d 833, 841-42 (8th Cir. 2008) (holding that a federal agent's

hand written notes of a defendant's interview did not constitute a "statement" of the agent or defendant under the *Jencks Act*, where the defendant failed to show that the notes (a) were a statement adopted by him, or (b) comprised a verbal recital of his oral statement) (citing *Palermo v. United States*, 360 U.S. 343, 353-54, 79 S. Ct. 1217, 1224-25 (1959)).

Further, it is a defendant's obligation to establish that an agent's notes fall within the purview of the *Jencks Act*. *Delgado*, 56 F.3d at 1364. Moreover, even when a defendant lays such a foundation the government may meets its obligations under the act by providing a type written report of the witnesses' interview, as occurred in this case, so long as the handwritten notes do not materially depart from the memorandum, and the government has not acted in bad faith. *United States v. Greatwalker*, 356 F.3d 908, 911-12 (8th Cir. 2004).

Second, with respect to the agents' type written memorandum of their interview of Defendant, the government satisfied its obligations pursuant to Rule 16 by timely disclosing that document to Defendant in discovery. Fed. R. Crim. P. 16(a)(1)(A). For all these reasons, the Court should not compel the government to produce the rough notes from Defendant's interview.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY



/S/KATHERINE MONAHAN HOFFER
KATHERINE MONAHAN HOFFER
Georgia Bar No. 045737
kathy.hoffer@usdoj.gov



/S/RICHARD S. MOULTRIE, JR.
RICHARD S. MOULTRIE, JR.
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 527275
richard.moultrie@usdoj.gov
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6000
(404)581-6181 (Fax)

CERTIFICATE OF SERVICE

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Times New Roman, 14 point type.  This is to also certify that the undersigned has this date filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

>Edward T. Garland, Esq.
>3151 Maple Drive, N.E.
>Atlanta, GA 30305-2500
>Etg@gsllaw.com
>
>Jana L. Harris, Esq.
>595 Piedmont Avenue, N.E.
>Suite 320-201
>Atlanta, GA 30308
>Jlh@gsllaw.com
>
>Kristen M. Wright, Esq.
>3151 Maple Drive, N.E.
>Atlanta, GA 30305-2500
>Kmw@gsllaw.com

This 14th day of January, 2011.

>/s/Richard S. Moultrie, Jr.
>RICHARD S. MOULTRIE, JR.
>Assistant United States Attorney