UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL INDICTMENT |
| v. | ) | |
| | ) | NO. 1:10-CR-0098-WSD |
| DEVASHISH RAY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF LAW IN SUPPORT
OF PRODUCTION OF AGENTS' ROUGH NOTES

COMES NOW the Defendant, Dr. Devashish Ray, by and through the undersigned counsel and hereby submits this Memorandum of Law in Support of his request for the Production of Agents' Rough Notes. In support therefore, Dr. Ray shows the Court the following:

Dr. Ray is charged with several offenses in the 5 Count Indictment. Count 1 charges him with a conspiracy in violation of 18 U.S.C. §371. The conspiratorial purpose was to cause another to lie to investigators. Counts Two and Three charge Dr. Ray individually with making false statements to investigators during the course of an interview. Specifically, Counts Two and Three read as follows:

Count Two:

On or about the December 11, 2008, within the Northern District of Georgia, in a matter within the jurisdiction of the Department of the Veterans Affairs Office of the Inspector General (VA OIG), an agency of the United States, the defendant, DEVASHISH RAY, did knowingly and willfully make false, fraudulent, and fictitious material statements and representations to Special Agents of the VA GIG during an interview regarding allegations of misconduct during the defendant's examination of a female patient, L .F ., on November 17, 2008, at the Atlanta Veterans Administration Medical Center (VAMC), located at 1670 Clairmont Road, in Decatur, Georgia, that is, that the defendant falsely stated to Special Agents of the VA GIG that he had only performed an abdominal examination of Patient L .F . on November 17, 2008, when in truth and in fact, defendant DEVASHISH RAY then well knew that his conduct with Patient L .F . had gone beyond only an abdominal examination, in violation of Title 18, United States Code, Section 1001 .

COUNT Three:

On or about the December 11, 2008, within the Northern District of Georgia, in a matter within the jurisdiction of the Department of the Veterans Affairs Office of the Inspector General (VA GIG) , an agency of the United States, the defendant, DEVASHISH RAY, did knowingly and willfully make false, fraudulent, and fictitious material statements and representations to Special Agents of the VA OIG during an interview regarding allegations of misconduct during the defendant's examination of a female patient, L .F ., on November 17, 2008, at the Atlanta Veterans Administration Medical Center (VAMC), located at 1670 Clairmont Road, in Decatur, Georgia, that is, that the defendant stated that he had not asked R .S ., a nurse employed at the Atlanta VAMC, to falsely claim to Special Agents of the VA OIG that she had been present in the examination room with the defendant and Patient L .F . on November 17, 2008, when in truth and in fact, defendant DEVASHISH RAY then well knew that Nurse R .S . had not been present in the examination room, and that he had asked Nurse R .S . to make such a such false statement to the agents, in violation of Title 18, United States Code, Section 1001 .

As Counts Two and Three concern alleged false statements made by Dr. Ray to investigators and Count One charges a conspiracy to lie to investigators, Dr. Ray requested the original notes of the agents in question. The government, declined with no basis for the refusal other than they don't have to so they are unwilling, regardless if the notes are necessary or helpful to the defense or if they are potential *Brady*.

Counsel has not requested nor are they now notes of interviews of witnesses in the case. Rather, they seek the agents' notes from the interview of Dr. Ray which forms the basis of two separate counts of the Indictment.

The defense does believe that these notes may and do reflect the actual commission of the crimes alleged in Counts 2 and 3 of the Indictment: that is, making a false statement to the agents during the course of the interview. Thus, this is not simply a matter of documenting Rule 16 discovery (i.e., a defendant's statement); or complying with the *Jencks Act* obligations (the agent's "statement" of what occurred during the interview)[1]. The rough notes in this case are the equivalent of a "surveillance tape" of the *corpus delicti* of the crimes alleged in Counts 2 and 3. Declining to provide this surveillance tape, and providing, instead, the agents' second-

---

[1] In its Trial Brief the government seems to confuse who the actual makers of the statements in the notes are. It is not and would not be Dr. Ray. They are the statements of the agents who wrote the notes. *See* the Government's Trial Brief (Doc 58), page 9).

version description of the interview does not suffice. Such result is susceptible to an interpretation that the rough notes reveal that the conversation was not, in fact, precisely as described in the summary 302. That interpretation is antithetical to the government's obligation to comply with its various discovery obligations as reflected in the recent DOJ Guidelines. *See also United States v. Pellulo*, 105 F.3d 117 (3rd Cir. 1997 (failure to reveal rough notes was a *Brady* violation); *United States v. Deli, Inc.*, 151 F.3d 938 (9th Cir. 1998) (government turned over report of interview, but did not furnish the rough notes of the interview to the defendant and the rough notes contained additional information that qualified as *Brady* information); *United States v. Molina-Guevara*, 96 F.3d 698 (3rd Cir. 1996) (rough notes that contained additional statement of witness should have been turned over to the defense).

The possibility that the summaries are inaccurate and the notes do or may contain Brady material is great. The government's position is nonsensical and violative of Mr. Ray's right to prepare for trial, present a defense, *Brady* and the *Jencks Act*. The approach is childish and highly improper in this matter and certainly not in keeping with the new Department of Justice ("DOJ") Guidelines.

Further, the new DOJ Guidelines – while obviously not binding on the Court – are particularly persuasive in connection with the necessity of carefully, meticulously, reviewing an agent's rough notes and especially, when those notes

reflect an interview of the defendant. *See DOJ Guidelines*, ¶ 8© (page 6). Given this extremely heightened standard for reviewing agent's rough notes, again one must ask why in this case the government refuses the obligation.

The government's position in this matter regarding the rough notes is damaging to Dr. Ray and nonsensical. As the Court is surely aware, sometimes the rough notes verify that the agent's typed version is completely accurate and sometimes it shows that it is not. There is no single legitimate concern the government would have in revealing this information to the defense *unless* there was something that the government simply does not want the defense to see.

The agents' notes of the interview of Dr. Ray must be provided to the defense. In the alternative, they should be provided to the Court for an in Camera inspection and made a Court Exhibit.

WHEREFORE, Dr. Ray prays that this Court

(1) Grant this Motion;

(2) Order the government to produce to the defense the agents' notes of their interview with Dr. Ray; or, in the alternative;

(3) Order the government to produce the notes to the Court for an in camera inspection; and

(4)   Grant such other and further relief as this Court deems just, proper and equitable under the circumstances

Respectfully submitted,

*s/ Edward T.M. Garland*
EDWARD T.M. GARLAND
Georgia Bar No. 284900
Counsel for Devashish Ray, M.D.

GARLAND, SAMUEL & LOEB, P.C.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
(404) 262-2225

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2011, I electronically filed the within and foregoing Memorandum of Law in Support of Production of Agents Rough Notes with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record:

                                        *s/Edward T.M. Garland*
                                        Edward T.M. Garland