UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL INDICTMENT |
| v. | ) | |
| | ) | NO. 1:10-CR-0098-WSD |
| DEVASHISH RAY, | ) | |
| | ) | |
| Defendant. | ) | |

## TRIAL MEMORANDUM
## ADMISSIBILITY OF GOOD CHARACTER EVIDENCE

This trial memorandum is offered to assist the court in evaluating the admissibility of character evidence offered by the defense.

## OVERVIEW

Two provisions in the Federal Rules of Evidence govern the admissibility of so-called "good character" evidence: Rule 404(a) and Rule 608. A third provision, Rule 405, governs the procedure for admitting good character evidence that is offered under either Rule 404(a) or Rule 608. These three Rules provide as follows:

## Rule 404(a)

**(a) Character evidence generally.**--Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

**(1) Character of accused.**--In a criminal case, **evidence of a pertinent trait of character offered by an accused**, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution.

### Rule 608

**(a) Opinion and reputation evidence of character.** The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

### Rule 405

**(a) Reputation or opinion.** In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

The synthesis of these two rules is this: In *any* criminal case, the defendant is permitted to introduce good character evidence (**both** opinion evidence **and** reputation evidence) of his character for being law-abiding. *Michelson v. United States*, 335 U.S. 469 (1948); *United States v. Hewitt*, 634 F.2d 277 (5th Cir. 1981); *United States v. Darland*, 626 F.2d 1235 (5th Cir. 1980). In any criminal case – such as this case – in which the defendant is charged with an offense involving dishonesty or fraud (Dr. Ray is charged with offenses involving dishonesty), the defendant may also introduce both opinion and reputation evidence relating to his truthfulness and honesty. These principles apply *even if the defendant does not testify*, because the defendant's truthfulness and honesty (as well as his character for law abidingness) are matters that are relevant to his guilt or innocence of the charged offenses. *See In re Sealed Case*, 352 F.3d 409, 412-13 (D.C. Cir. 2003); *United States v. Angelini*, 678 F.2d 380 (1st Cir. 1982); *United States v. Logan*, 717 F.2d 84 (3rd Cir. 1983); *United States v. Brown*, 503 F.Supp.2d 239 (D.D.C.2007). Such evidence is offered to establish that he is not guilty of the crimes; and whether he testifies or not, he is permitted to introduce whatever evidence is relevant to establish his innocence of the crimes. In other words, a defendant may introduce character testimony to show that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged. *United States v. John*, 309 F.3d 298 (5th Cir.

2002); *United States v. Yarbrough*, 527 F.3d 1092, 1101-1102 (10th Cir. 2008) (good character evidence should have been admitted to establish lack of intent and willfulness).

Good character evidence is not limited to the character traits of law-abidingness and truthfulness. Depending on the nature of the case, a wide variety of opinion and reputation evidence is relevant. For example, in *United States v. John*, 309 F.3d 298 (5th Cir. 2002), the defendant was charged with a sex offense involving a minor. The trial court admitted evidence – and the Fifth Circuit approved – relating to other people's opinion of the defendant's sexual conduct and sexual morality and decency in the community. Witnesses testified that the defendant and his wife were "good parents" and were "willing to do whatever needs to be done for the children." *Id.* at 303. This evidence was not only admissible, but required the lower court to instruct the jury that this evidence was admissible and relevant, and should be considered by them in deciding whether a reasonable doubt existed as to the defendant's guilt. In *United States v. Han*, 230 F.3d 560 (2d Cir. 2000), another sex offense case, the Second Circuit held that it was error to prohibit defendant from introducing character evidence that he was "upright" and "unwilling to exploit others."

In addition, the court must permit a witness to lay a proper foundation in order to reveal his basis for forming an opinion about the defendant's good character, or

offering evidence about the defendant's reputation. Indeed, the Eleventh Circuit *requires* the defendant to support the witness's claim to know the defendant's reputation: "A proper foundation must be laid before the admission of reputation testimony. The reputation witness must be qualified through a showing of 'such acquaintance with the (person . . . ), the community in which he has lived and the circles in which he has moved, as to speak with authority of the terms in which generally he is regarded.'" *United States v. Watson*, 669 F.2d 1374, 1381 (11th Cir. 1982). The question to the witness need not be asked in a vacuum. The jury is entitled to learn how the witness knows the defendant in order to assess whether the witness has an adequate foundation for reaching his opinion.

Relying on colleagues of the defendant is a permissible manner in which to establish the defendant's reputation in a relevant community: that is, the community in which he works. *United States v. Parker*, 447 F.2d 826 (7th Cir. 1971) (error to exclude evidence from defendant's former co-workers at the IRS about his reputation in case in which defendant was charged with perjury).

One more issue is likely to arise during the course of the presentation of the good character evidence: the permissible scope of cross-examination. Suffice it to say that one tactic the government may *not* use is hypothesizing the guilt of the defendant in this case and asking the witness if, given that hypothesis, the witness's opinion

would change. That "when did you stop beating your wife"-type of inquiry has been expressly condemned by numerous courts. *See, e.g., United States v. Guzman*, 167 F.3d 1350 (11th Cir. 1999); *United States v. Wilson*, 983 F.2d 221 (11th Cir. 1993) (authorizing cross-examination regarding uncontested facts that have been established at trial, but not cross-examination that assumes the defendant's guilt). *See also United States v. Oshatz*, 912 F.2d 534 (2d Cir. 1990); *United States v. Damblu*, 134 F.3d 490 (2d Cir. 1998); 434 F.3d 1270 (11th Cir. 2006) (holding that it was an abuse of discretion to permit cross-examination of good character witness regarding irrelevant matters relating to defendant's behavior). *See generally* SAMUEL, ELEVENTH CIRCUIT CRIMINAL HANDBOOK, § 357 (2008).

                                      Respectfully submitted,

                                      *s/ Edward T.M. Garland*
                                      EDWARD T.M. GARLAND
                                      Georgia Bar No. 284900
                                      Counsel for Devashish Ray, M.D.

GARLAND, SAMUEL & LOEB, P.C.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
(404) 262-2225

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2011, I electronically filed the within and foregoing Trial Memorandum Admissibility of Good Character with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record:

*s/Edward T.M. Garland*
Edward T.M. Garland