UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | CRIMINAL INDICTMENT |
| vs. ) | |
| ) | NO. 1:10-CR-0098 |
| DEVASHISH RAY, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO STRIKE PORTIONS OF THE
INDICTMENT AS SURPLUSAGE AND TO
BAR ADMISSION OF HEARSAY**

Numerous paragraphs in Count 1 of the indictment recite what the alleged victim in this case, L.F., said to other people about the events that she claimed occurred during the examination and later.

The Defendant claims that what L.F. said to other people after these events is hearsay. No exception to the hearsay rule permits the Government to introduce evidence about what the witness said to other people out of Court. Placing inadmissible evidence in an indictment is not a proper method of placing before the jury inadmissible information.

For these reasons, the Defendant urges the Court to enter an Order as follows:

1

1. Neither the Court, nor the Government may read to the jury those portions of the indictment listed below which contain evidence that is inadmissible hearsay;

2. During the course of trial, if the Government will seek to introduce any of this hearsay evidence, the Government should first alert the Court that it intends to introduce the hearsay testimony and obtain a ruling prior to eliciting any such evidence;

3. If the evidence is not admitted, then prior to the beginning of deliberations, the indictment will be redacted to eliminate the paragraphs that contain the inadmissible evidence.

The specific paragraphs of the indictment to which this Motion refers are as follows:

A. Count 1, Paragraph 17 (page 5) (reciting what L.F. told M.W. about the incident and what M.W. responded to L.F.)

B. Count 1, Paragraph 24 (page 6) (L.F., using words and hand gestures, described to M.W. how the Defendant touched her; M.W. replied that what she previously said that L.F. should do was not correct);

C. Count 1, Paragraph 25 (page 7) (the next day, L.F. told a social worker about being inappropriately touched by the Defendant);

D. Count 1, Paragraph 26 (page 7) (the social worker called a physician and told the physician what L.F. had told her about what the Defendant had done);

E. Count 1, Paragraph 27 (page 7)(the day after the conversations described in the prior paragraph – that is, two days after the examination – the physician referred to in Paragraph 26 called another person to describe the allegations);

F. Count 1, Paragraph 28 (page 7)(the following day – three days after the examination – L.F. was driven to the hospital by a friend so that L.F. could report the incident to VA officials).

Each of the foregoing out-of-court statements qualifies as hearsay under Rule 801. No exception to the hearsay rule applies, because the statements do not qualify as "present sense impressions" under Rule 803(1) or "excited utterances" under Rule 803(2), because of the passage of time between the event and the out-of-court declaration. *See United States v. Sherlock*, 962 F.2d 1349 (9th Cir. 1989); *United States v. Taveras*, 380 F.3d 532 (1st Cir. 2004). At this point, the statements are also not admissible as "prior consistent statements" pursuant to Rule 801(d)(1)(B), because there has been no allegation of recent fabrication that is a

necessary predicate for the admissibility of a prior consistent statement. *United States v. Tome*, 513 U.S. 150 (1995).

In addition, there is no conceivable basis upon which the Government can introduce the statements of L.F.'s friends, or another physician, which would constitute double hearsay, with no exception applying to either level of the hearsay testimony.

Rule 7(d) permits the Court to strike surplusage from the indictment. This case presents the paradigm where the surplusage should be stricken because the paragraphs listed above are both prejudicial and irrelevant. Indeed, the indictment presents to the jury evidence that will be excluded from trial as inadmissible hearsay. *United States v. Poore*, 594 F.2d 39 (4th Cir. 1979) (Court should strike allegation in indictment that would not be admissible at trial).

The Defendant does not object to the Court awaiting until the conclusion of the trial and the presentation of evidence before deciding whether those portions of the indictment *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992). However, neither the Court, nor the Government should read the paragraphs that

contain the inadmissible evidence during the jury selection process, or in opening statement.

                                                Respectfully submitted,
                                                GARLAND, SAMUEL & LOEB, P.C.

                                                *s/Edward T. M. Garland*
                                                Edward T. M. Garland
                                                Ga. State Bar #284900

3151 Maple Drive, NEAtlanta
 Georgia  30305
404-262-2225
Fax 404-365-5041
etg@gsllaw.com, pen@gsllaw.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | CASE NO. |
| v. ) | |
| ) | 1:10-CR-0098-WSD-RGV |
| **DEVASHISH RAY,** ) | |
| ` ) | |
| **Defendant.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *Motion To Strike Portions Of The Indictment As Surplusage And To Bar Admission of Hearsay* upon all counsel of record by electronic filing.

This 7th day of February, 2011.


                                                    *s/Edward T. M. Garland*
                                                    Edward T. M. Garland