IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 1:10-CR-098-WSD |
| | : | |
| | : | |
| DEVASHISH RAY | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE SURPLUS LANGUAGE FROM THE INDICTMENT

Comes now the United States of America, by Sally Quillian Yates, United States Attorney, and Katherine M. Hoffer and Richard S. Moultrie, Jr., Assistant United States Attorneys for the Northern District of Georgia, and files this Response to Defendant Devashish Ray's ("Defendant") Motion to Strike Surplus Language from the Indictment.[1]  For those reasons outlined below, this Court should dismiss the motion or, in the alternative, defer its ruling on the matter until the close of the evidence.

---

[1] Defendant also includes in his motion a request that this Court bar the admission of certain hearsay statements included in the indictment.  The government does not address this portion of the motion herein, apart from recognizing its obvious obligation to provide the necessary evidentiary foundation to admit any evidence it submits during the trial, including proper exceptions for the admission of any hearsay testimony offered.

I.
INTRODUCTION

Defendant, relying on Rule 7(d) of the Federal Rules of Criminal Procedure, moves the Court to strike certain statements from Count One of the indictment, which alleges conspiracy to make false statements to federal agents, in violation of Title 18, United States Code, Sections 371 and 1001. (Doc. 1.) Defendant contends that each of the statements constitute inadmissible hearsay and, as such, should be excised from the indictment at the conclusion of the presentation of the evidence. The government counters that Defendant fails to demonstrate that the challenged allegations in the indictment are irrelevant and unfairly prejudicial and inflammatory. Accordingly, the Court should dismiss the motion or, alternatively, defer its ruling on the matter until the close of the evidence.

II.
ARGUMENT AND CITATION OF AUTHORITY

THE COURT SHOULD DISMISS DEFENDANT'S MOTION TO STRIKE SURPLUSAGE BECAUSE THE CHALLENGED STATEMENTS PERTAIN TO RELEVANT EVIDENCE THAT IS NOT UNFAIRLY PREJUDICIAL AND INFLAMMATORY AND, EVEN IF THE COURT DECIDES TO FURTHER CONSIDER DEFENDANT'S MOTION, THE COURT SHOULD DEFER ANY RULING UNTIL EVIDENCE IS PRESENTED AT TRIAL.

Rule 7(d) provides that, "[u]pon the defendant's motion, the court *may* strike surplusage from the indictment . . . ." (emphasis added). F. R. Crim. P. 7(d). A

motion to strike alleged surplusage rests within the sound discretion of the Court. *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990). The Eleventh Circuit has previously held that "[a] motion to strike surplusage from an indictment should not be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'" *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (quoting *Huppert*, 917 F.2d at 511)). This standard is "most exacting." *Huppert*, at 511. Further, the Eleventh Circuit has held that a ruling on a motion to strike surplusage should be reserved until the trial court has heard evidence that will establish the relevance of the allegedly surplus language. *Awan*, 966 F.2d at 1426. Additionally, the Second Circuit, in articulating the requisite "prejudicial" standard, has ruled that, "[i]f evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) (quoting *United States v. DePalma*, 461 F. Supp. 778, 797 (S. D. N.Y. 1978)).

Here, the Court should not conclude, at this stage, that the allegations outlined in the indictment, to which Defendant objects, are irrelevant. Nor has Defendant satisfied his burden of demonstrating that the statements are unfairly prejudicial and inflammatory. In the first instance, the government will present the witness testimonies required, and provide the necessary foundation, for introducing the

relevant evidence to which those statements relate. *See United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) ("if evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken") (internal citation omitted); *United States v. Hill*, 799 F. Supp. 86, 88-89 (D. Kan. 1992) ("If the language is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be"). The crimes in this case allege an assault of the victim committed by Defendant, as well as Defendant's conspiring to make, and his commission of, false statements to federal investigators about the circumstances of that assault. Evidence at trial will established that the victim described the assault to those witnesses referenced in those sections of the indictment to which Defendant objects. Further, evidence will show that the victim, using "gestures," described the assault to one of those witnesses. The victim's own statements to witnesses about the assault; the victim's demonstration of the manner in which the assault occurred; and the statements of witnesses about actions they took as a result of the victim's outcry, are all relevant to the charges.

Second, Defendant fails to demonstrate how this relevant evidence, as referenced in the indictment, is both inflammatory and prejudicial. *Huppert*, 917 F.2d at 511 (citing *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971)). In the face

of this exacting standard, Defendant merely includes a conclusory statement in his motion that, "the indictment presents to the jury evidence that will be excluded from trial as inadmissible hearsay." (Defendant's Brief at 4.) In sum, the language of the indictment accurately summarizes the evidence of the criminal conduct and the relevant facts that the government intends to present to the jury.

### III.
### CONCLUSION

Defendant's motion to strike surplus language from the indictment should be denied given that: (a) the government intends to introduce evidence at trial in support of all allegations in the indictment; and (b) Defendant does not satisfy the "exacting standard" necessary to warrant the granting of a motion to strike surplusage, because he fails to demonstrate that the portions of the indictment about which he complains are irrelevant and unduly prejudicial and inflammatory. However, even if this Court were to further consider the grounds outlined in Defendant's motion, the Court should reserve any ruling on the matter until after the government presents its evidence at trial.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY


/S/KATHERINE MONAHAN HOFFER
KATHERINE MONAHAN HOFFER
Georgia Bar No. 045737
kathy.hoffer@usdoj.gov


/S/RICHARD S. MOULTRIE, JR.
RICHARD S. MOULTRIE, JR.
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 527275
richard.moultrie@usdoj.gov
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6000
(404)581-6181 (Fax)

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Times New Roman, 14 point type.  This is to also certify that the undersigned has this date filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

>Edward T. Garland, Esq.
>3151 Maple Drive, N.E.
>Atlanta, GA 30305-2500
>Etg@gsllaw.com
>
>Jana L. Harris, Esq.
>595 Piedmont Avenue, N.E.
>Suite 320-201
>Atlanta, GA 30308
>Jlh@gsllaw.com
>
>Kristen M. Wright, Esq.
>3151 Maple Drive, N.E.
>Atlanta, GA 30305-2500
>Kmw@gsllaw.com

This 8th day of February, 2011.

>/s/Richard S. Moultrie, Jr.
>RICHARD S. MOULTRIE, JR.
>Assistant United States Attorney