UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL INDICTMENT |
| v. | ) | |
| | ) | NO. 1:10-CR-0098-WSD |
| DEVASHISH RAY, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT RAY'S SUPPLEMENTAL REQUESTS TO CHARGE

Dr. Devashish Ray respectfully requests that the following Jury Instructions numbered 3 through 4 be given in the Court's charge to the jury.  Dr. Ray files these in response to the government's proposed instructions 3 &4 on these offenses as the instructions proposed by the government are either incorrect statements of law or would result in a variance from the charge in the Indictment.   Request 3 corrects the variance problem.  Request 4 is a correct statement of the law

Respectfully submitted,

*s/ Edward T.M. Garland*
EDWARD T.M. GARLAND
Georgia Bar No. 284900
Counsel for Devashish Ray, M.D.

GARLAND, SAMUEL & LOEB, P.C.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
(404) 262-2225

Request to Charge No. __3__

Abusive Sexual Contact
Title 18, United States Code, Section 2244(b)

Count Four charges Defendant with abusive sexual contact with a patient, in violation of Title 18, United States Code, Section 2244(b). Section 2244(b) requires the government to prove the following beyond a reasonable doubt:

First: That the Defendant knowingly engaged in sexual contact with the victim, as charged in the indictment;

Second: That the sexual contact occurred without the victim's permission; and

Third: That the acts occurred within the territorial jurisdiction of the United States.

The term "sexual contact" means:

an intentional touching either directly or through the clothing of the genitalia breast of a person, with the intent to gratify the sexual desire of the Defendant. (18 U.S.C. § 2246(3)).

Judicial Council of the Eleventh Circuit, *Pattern Jury Instructions* (*Criminal Cases*), adapted from Special Instruction 81.1, p. 460 (Modified per Indictment ) (2010).

Request to Charge No. __4__

In order to find the defendant guilty of assault, you must find beyond a reasonable doubt that the defendant either (1) assaulted L.F. or (2) committed the offense of battery against L.F.

Under the first prong, "assault," the government would be required to prove beyond a reasonable doubt that the defendant either attempted to commit a violent injury to L.F. or committed an act that placed L.F. in reasonable apprehension of immediately receiving a violent injury.[1]

Under the second prong, "battery" the government would be required to prove beyond a reasonable doubt that the defendant either intentionally made physical contact of an insulting or provoking nature with L.F. or intentionally caused physical pain to L.F.[2] That is, to be found guilty, you must find beyond a reasonable doubt that the defendant touched L.F. in a deliberately offensive manner without a valid reason to do so.[3]

---

[1] OCGA § 16-5-20(a); *Gamble v. State*, 235 Ga. App. 777, 510 S.E.2d 69 (1998)
[2] OCGA 15-5-23(a); *Dinman v. State*, 173 Ga. App. 191, 325 S.E.2d 851 (1984); *United States v,. Bayes*, 210 F.3d 64 (1st Cir. 2000); *United States v. Delis*, 558 F.3d 177 (2d Cir. 2008).
[3] *United States v. Bayes*, supra at 69; *United States v. Williams*, 197 F.3d 1091 (11th Cir. 1999).

In addition to finding that the defendant deliberately assaulted L.F., you must also find beyond a reasonable doubt that the act occurred within the territorial jurisdiction of the United States.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the within and foregoing Defendant Ray's Supplemental Request to Charge by ECF filing and delivery.

This the 8th day of February, 2011

                                                     *s/ Edward T.M. Garland*
                                                     EDWARD T.M. GARLAND
                                                     Georgia Bar No. 284900
                                                     Counsel for Devashish Ray, M.D.